IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. AMERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 326-004 |
| | ) | |
| COMMISSIONER TYRONE OLIVER; | ) | |
| WARDEN ANDREW MCFARLANE; | ) | |
| RICKY WILCOX, Tier Warden of Security; | ) | |
| FOSTER; Head Warden Of Security; JIMMY | ) | |
| KELLOM, Tier U/M; A. HUNT, Tier U/M; | ) | |
| U/M SITE; Tier U/M LT CHAMBERS; | ) | |
| and SGT A. BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 6.) The Magistrate Judge recommended dismissing the case because Plaintiff had three strikes under 28 U.S.C. § 1915(g). (Doc. no. 4.) Plaintiff then filed objections which suggested, although did not establish, that he might be able to show he was in imminent danger of serious physical injury and thus entitled to an exception to the three strikes rule. (Doc. no. 6, pp. 2-3.) He also filed a motion seeking leave to amend his complaint. (Doc. no. 7.) The Magistrate Judge granted Plaintiff leave to amend on April 17, 2026, and held the Report and Recommendation in abeyance pending a response to that Order. (Doc. no. 8.) The Court provided Plaintiff with instructions for filing the amended complaint and directed him to submit his amendment within

fourteen days from the date of the Order. (Id. at 2.) Out of an abundance of caution, the Court also attached the standard form complaint used by incarcerated *pro se* litigants in the Southern District of Georgia, stamped with the case number. (Doc. no. 8-1.) Plaintiff did not file an amended complaint. Instead, he filed a Motion to Appoint Counsel, (doc. no. 9), and a series of declarations and objections, (doc. nos. 10-12).

None of Plaintiff's objections or subsequent filings change the Court's conclusion that Plaintiff's case should be dismissed because he has three strikes under § 1915(g). Nor do they establish that he is entitled to an exception because he is in imminent danger of serious physical injury. Indeed, while Plaintiff argues—again—the inadequate staffing issues at Telfair State Prison, he has failed to connect it to an ongoing, specific threat. See Odum v. Bryan Cnty. Judicial Circuit, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent). Moreover, Plaintiff has compounded his errors in this case by failing to comply with the Magistrate Judge's Order directing him to file an amended complaint.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Also, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or

without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an amended complaint, and his choice to instead file a motion requesting counsel[1] along with a series of objections, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Plaintiff was warned that failing to submit an amended complaint would be an election to have his case dismissed. (See doc. no. 8, p. 2.) This establishes a second and independent ground justifying the dismissal.

---

[1] Plaintiff has no constitutional right to counsel in this civil case. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). General lack of education, including legal education, is also not a sufficient basis to require appointment of counsel. See, e.g., Brown v. Wilcher, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021). Courts have also found that allegations of mental illness or disability, standing alone, do not require appointment of counsel. See Kidwell v. Wagoner, 2011 WL 13175897, at *1 (M.D. Fla. Feb. 11, 2011). Finally, this Court has repeatedly recognized that "prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)). As Plaintiff's filings in this case are relatively clear, notwithstanding their volume and procedural confusion, and the issues related to his claims are not complex, the Court does not find any "exceptional circumstance" that warrants appointment of counsel. Fowler, 899 F.2d at 1096. Plaintiff's request for appointed counsel is, therefore, **DENIED**. (Doc. no. 9.)

Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge, as modified herein, as its opinion. Therefore, the Court **DENIES** Plaintiff's request to proceed *in forma pauperis*, (doc. no. 2), **DISMISSES** this action without prejudice, and **CLOSES** this civil action. If Plaintiff wishes to proceed with the claims raised in this case, he must initiate a new lawsuit, which would require submission of a new complaint. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO ORDERED this _____ day of May, 2026, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

4